23-858-cv
*Lyons v. Birmingham Law Office, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand twenty-four.

PRESENT:    Steven J. Menashi,
            Alison J. Nathan,
            Maria Araújo Kahn,
                 *Circuit Judges.*

_____

JUSTINE LYONS,

         *Plaintiff-Appellant*,

    v.                                              No. 23-858-cv

BIRMINGHAM LAW OFFICE, LLC, MATTHEW
BIRMINGHAM, MARYLOU SCOFIELD, PC, and
MARYLOU SCOFIELD,

         *Defendants-Appellees*.

_____

| | |
|---|---|
| *For Plaintiff-Appellant*: | DAVID BOND, Strouse & Bond, PLLC, Burlington, VT. |
| *For Defendants-Appellees Birmingham Law Office, LLC, and Matthew Birmingham:* | ANDREW H. MAASS (Antonin Robbason, *on the brief*), Ryan Smith & Carbine, Ltd., Rutland, VT. |
| *For Defendants-Appellees Marylou Scofield, PC, and Marylou Scofield:* | LAURA D. DEVINE, Boyle | Shaughnessy Law, PC, Woodstock, VT. |

Appeal from a judgment entered in the United States District Court for the District of Vermont (Sessions, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Justine Lyons appeals the judgment of the district court dismissing her claims against Birmingham Law Office, LLC, and Matthew Birmingham (collectively, "Birmingham") and Marylou Scofield, PC, and Marylou Scofield (collectively, "Scofield"). Birmingham and Scofield represented the seller and buyer, respectively, in a real estate transaction. Lyons was not a party to that transaction but the seller had instructed that the sale proceeds be wired directly to Lyons's account. The wire transfer failed, however, and then the seller—Alfred Ducharme—suddenly died. The defendants subsequently transferred the funds to Ducharme's estate. Lyons filed suit, asserting claims for conversion and professional negligence. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

"We review a district court's grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Henry v. County of Nassau*, 6 F.4th 324, 328 (2d Cir. 2021)

(internal quotation marks omitted). To avoid dismissal, the "complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Green v. Dep't of Educ.*, 16 F.4th 1070, 1076-77 (2d Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In considering Lyons's conversion and professional negligence claims, we assume without deciding that Lyons has adequately pleaded ownership of the funds. We note, however, that her allegation of ownership is a legal conclusion that we "are not bound to accept as true" on a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

**I**

Lyons argues that the defendants are liable for conversion because they held the sale proceeds and then transferred the proceeds to the seller's estate instead of delivering the funds directly to her in accordance with Ducharme's instructions. We agree with the district court that Lyons has failed to state a conversion claim.

In Vermont, "the key element of conversion … is the wrongful exercise of dominion over property of another." *P.F. Jurgs & Co. v. O'Brien*, 160 Vt. 294, 299 (1993). The owner of the property may establish a claim for conversion by showing that the defendant has (1) "appropriated the property to that party's own use and beneficial enjoyment," (2) "exercised dominion over it in exclusion and defiance of the owner's right," or (3) "withheld possession from the owner under a claim of title inconsistent with the owner's title." *Montgomery v. Devoid*, 181 Vt. 154, 160 (2006) (quoting *O'Brien*, 160 Vt. at 299). These are not the "only ways in which conversion may occur" but provide a guide for "determining whether there was sufficient unauthorized interference with plaintiff's property interest to amount to conversion by an overt act of dominion." *O'Brien*, 160 Vt. at 299.

In determining whether conversion has occurred, a court considers several factors: "(a) the extent and duration of the actor's exercise of dominion or control; (b) the actor's intent to assert a right in fact inconsistent with the other's right of control; (c) the actor's good faith; (d) the extent and duration of the resulting

3

interference with the other's right of control[;] (e) the harm done to the chattel; (f) the inconvenience and expense caused to the other." *Montgomery*, 181 Vt. at 161 (quoting Restatement (Second) of Torts § 222A(2)).

Even accepting Lyons's factual allegations as true and making all reasonable inferences in her favor, we cannot conclude that the defendants exercised wrongful dominion over the funds. The allegations indicate that the defendants attempted in good faith to place the funds with the proper party following an unusual sequence of events. The allegations do not establish that the defendants *should* have transferred the funds to Lyons after the wire transfer failed and they could not obtain further instruction from Ducharme on how to deliver the funds.[1] Lyons argues that, at the very least, Birmingham should have filed an interpleader action rather than transferring the money to the estate. But Birmingham did something similar—he delivered the money to the estate to be held in trust while the probate court resolves the ownership dispute.

The Restatement factors lead us to the same conclusion. First, the defendants did not exercise extensive dominion over the funds. Birmingham held the funds in escrow for several weeks until an estate administrator was appointed, and then transferred the funds to the estate to hold in trust during the probate proceedings. Second, the defendants "acted in good faith to deliver the money according to the deceased seller's wishes." *Lyons v. Birmingham Law Office, LLC*, No. 2:23-CV-16, 2023 WL 3294276, at *3 (D. Vt. May 5, 2023). The allegations show that the defendants did not intend to "assert actual dominion over the money for any length of time" or to "assert a right in fact inconsistent with any other person's right of control." *Montgomery*, 181 Vt. at 162. Finally, the consequence of the

---

[1] Lyons contends that the wiring instructions constituted an escrow agreement the terms of which the defendants were required to fulfill even after Ducharme's death. We do not agree that the instructions constituted such an agreement. Even if there were an escrow agreement, however, the defendants' transfer of the funds to be held in trust by the estate pending resolution of the ownership dispute would not, under the circumstances, give rise to a conversion claim.

defendants' actions is that Lyons must wait for the probate court to resolve her claim to the sale proceeds. We recognize that—assuming Lyons prevails on her claim—she will have been deprived of the use of the funds in the interim. But that delay would result from a series of events including the wire failure, Ducharme's death, and the estate's claim to the money—not from the defendants' exercise of control over the funds. We conclude that the defendants' actions were not so wrongful as to "justify requiring [them] to pay [the] full value" of the proceeds. *Id.* at 161 (quoting Restatement (Second) of Torts § 222A, cmt. c).

## II

Lyons additionally argues that the defendants are liable for professional negligence because they failed to transfer the funds to her in accordance with Ducharme's instructions. We agree with the district court that this claim fails because the defendants did not owe Lyons a duty of care.

Generally, "an attorney owes a duty of care only to the client and not to third parties." *Hedges v. Durrance*, 175 Vt. 588, 589 (2003). Exceptions to this general rule may exist when "the primary purpose and intent of the attorney-client relationship itself was to benefit or influence the third party," such as in estate-planning or will-drafting. *Id.* at 590 (quoting *Pelham v. Griesheimer*, 440 N.E.2d 96, 100 (Ill. 1982)).

Lyons was not a client of either Birmingham or Scofield. Nor was the primary purpose of the defendants' respective attorney-client relationships to benefit Lyons. Lyons argues that the primary purpose *was* to benefit her because the proceeds of the sale were directed to her. We disagree. As the district court concluded, the primary purpose of the relationships was the purchase and sale of Ducharme's property. *See Lyons*, 2023 WL 3294276, at *4. Lyons was not identified in the sale agreement at all. And even if, as Lyons argues, there was an escrow agreement, that agreement was not the primary purpose of the attorney-client relationships so the defendants would still not owe Lyons a duty of care. Finally, because the defendants did not owe Lyons a duty of care, the provisions of the Vermont Rules of Professional Conduct cannot provide a basis for her claim.

5

\*    \*    \*

We have considered Lyons's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court